1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10   GREGORY ELL SHEHEE,                          Case No. 1:14-cv-0005-LJO-DLB

11            Plaintiff,                          ORDER DISMISSING COMPLAINT
                                                  WITH LEAVE TO AMEND
12        v.

13   PAMELA ANLIN, et al.,                        THIRTY-DAY DEADLINE

14            Defendants.
     _____/

15

16        Plaintiff Gregory Ell Shehee, a civil detainee proceeding pro se and in forma pauperis,

17   filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 2, 2014.  He names Pamela

18   Ahlin, Audrey King, Christine Mativo and Melissa Sandoval as Defendants.

19   **I.        SCREENING STANDARD**

20        The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in

21   part, if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C. §

22   1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing

23   that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

24   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

25   conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937

26   (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and

27   courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

28

1  F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual

2  allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

3      Pro se litigants are entitled to have their pleadings liberally construed and to have any

4  doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe*

5  *v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to

6  survive screening, which requires sufficient factual detail to allow the Court to reasonably infer

7  that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation

8  marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer

9  possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability

10  falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks

11  omitted); *Moss*, 572 F.3d at 969.

12  **II.    ALLEGATIONS IN COMPLAINT**

13      Plaintiff is a civil detainee at Coalinga State Hospital in Coalinga, California.

14      Plaintiff's complaint contains few factual allegations.  He first alleges that he was granted

15  a religious vegan diet in 2008.  Defendant Ahlin confirmed the approval in an October 2010,

16  response.  He contends that on numerous occasions, the diet servers told him that they ran out of

17  special diets and offered items that were contrary to his diet plan and/or religious beliefs.  Plaintiff

18  alleges that they state they "don't have any" as an excuse for refusing to accommodate his

19  religious beliefs.  Plaintiff contends that Defendants Ahlin, King, Mativo and Sandoval failed to

20  provide Plaintiff with the opportunity to exercise his religion and food sufficient to sustain life.

21      Plaintiff next alleges that he has suffered serious injuries, including a cervical spine injury,

22  at the hands of employees of the State of California and has been denied medical treatment.  He

23  alleges that Dr. Baker ordered spine and hand surgery in November 2008.  Plaintiff alleges that

24  Coalinga State Hospital and the Los Angeles County District Attorney intend to transport him to

25  the Los Angeles County Jail for trial in a "disabled condition," and without the surgeries.  Plaintiff

26  believes that this will place his life in danger.

27      As relief, Plaintiff requests that he be released if the California Department of Mental

28  Health either lacks funds for dietary items, or cannot show cause why it failed to adhere to the

1  dietary requirements.  He also requests that the Court issue an order to the Los Angeles County

2  Sheriff and the California Department of Mental Health preventing them from transferring

3  Plaintiff until his surgeries are complete.

4          At the end of his complaint, Plaintiff states that "because the court has been unable to

5  provide the relief requested in time," he was transported without receiving medical care.  Compl.

6  7.  He was transported without all of his legal papers, and Los Angeles County Sheriff's Sergeant

7  Steve Bisaha told him that he could not take his legal papers into the jail.  Plaintiff alleges that the

8  Sheriff's Department denied him the right to present evidence at his Sexually Violent Predator

9  trial, during which he was committed to Coalinga State Hospital.

10  **III.     DISCUSSION**

11          A.     Rule 8 and Linkage

12          Under section 1983, Plaintiff is required to prove that (1) each defendant acted under color

13  of state law and (2) each defendant deprived him of rights secured by the Constitution or federal

14  law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff must prove

15  that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297

16  F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability under section 1983, and

17  therefore, each defendant is only liable for his own misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662,

18  676-77 129 S.Ct. 1937, 1948-49 (2009).

19          Similarly, Federal Rule of Civil Procedure 8 requires sufficient factual detail to allow the

20  Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*,

21  556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th

22  Cir. 2009).  "Such a statement must simply give defendant fair notice of what the plaintiff's claim

23  is and the grounds upon which it rests." *Swierkeiwicz v. Sorema, NA*, 534 U.S. 506, 512 (2002).

24  "While a plaintiffs allegations are taken as true, courts "are not required to indulge unwarranted

25  inferences." *Doe I v. Wal–Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

26  marks and citation omitted).

27          Here, Plaintiff presents insufficient facts to link any Defendant to any alleged

28  constitutional violation.  Although he states that Defendants failed to provide him with the

1  opportunity to exercise his religion, he fails to include any factual allegations against them.

2  Conclusory allegations, without factual support, are insufficient to state a claim for relief.

3          B.          State and County Defendants

4          Plaintiff includes the State of California and the California Department of Mental Health in

5  his allegations and requests for relief.  However, the Eleventh Amendment erects a general bar

6  against federal lawsuits brought against the state.  *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66

7  (9th Cir. 2010) (citation and quotation marks omitted).  While "[t]he Eleventh Amendment does

8  not bar suits against a state official for prospective relief," *Wolfson*, 616 F.3d at 1065-66, suits

9  against the state or its agencies are barred absolutely, regardless of the form of relief sought, *e.g.*,

10  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984);

11  *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012).  Thus,

12  Plaintiff may not maintain a claim against the State of California or the California Department of

13  Mental Health.

14          Similarly, insofar as Plaintiff names the Los Angeles County Sheriff's Department in his

15  allegations and requests for relief, a claim against a local government unit for municipal or county

16  liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving

17  force' behind the constitutional violation . . . suffered."  *Galen v. Cnty. of Los Angeles*, 477 F.3d

18  652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989).

19  Alternatively, and more difficult to prove, municipal liability may be imposed where the local

20  government unit's omission led to the constitutional violation by its employee.  *Gibson*, 290 F.3d

21  at 1186.  Under this route to municipal liability, the "plaintiff must show that the municipality's

22  deliberate indifference led to its omission and that the omission caused the employee to commit

23  the constitutional violation."  *Id.*  Deliberate indifference requires a showing "that the municipality

24  was on actual or constructive notice that its omissions would likely result in a constitutional

25  violation."  *Id.*  Plaintiff has not made any allegations that would support a claim for municipal

26  liability.

27

28

4

C.      First Amendment Claim

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof...." Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987).  The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. *Shakur v. Schriro,* 514 F.3d 878, 884–85 (9th Cir.2008); *Freeman v. Arpaio,* 125 F.3d 732, 737 (9th Cir.1997).  "[C]ivil detainees retain greater liberty protections than individuals detained under criminal process.... *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir.2004) (citations omitted).  "However, as with other First Amendment rights in the inmate context, detainees' rights may be limited or retracted if required to 'maintain [ ] institutional security and preserv[e] internal order and discipline.'" *Pierce*, 526 F.3d at 1209 (quoting *Bell v. Wolfish*, 441 U.S. 520, 549 (1979)).

Here, Plaintiff's allegations are too vague to state a claim under the First Amendment.  He believes that Defendants rely on an excuse of running out of food to avoid compliance with his religious diet, but he does not provide any further information.  He does not include any facts to suggest that Defendants have substantially burdened the practice of religion by preventing him from engaging in sincerely held beliefs.

D.      Medical Treatment

Plaintiff's claim related to medical treatment appears to center on his request that he not be transported to Los Angeles County Jail without first undergoing surgery.  In addition to the reasons above, this claim fails because it seems to be moot.  Plaintiff states that he was already transferred.

In any event, Plaintiff's allegations are too vague to state a claim for denial of adequate medical care.  As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. *Jones v. Blanas*, 393 F.3d 918, 931–32 (9th Cir.2004).  Plaintiff's right to constitutionally adequate conditions of confinement is protected by

1   the substantive component of the Due Process Clause. *Youngberg v. Romeo*, 457 U.S. 307, 315

2   (1982).

3        A determination whether Plaintiff's rights were violated requires "balancing of his liberty

4   interests against the relevant state interests." *Youngberg*, 457 U.S. at 321. Plaintiff is "entitled to

5   more considerate treatment and conditions of confinement than criminals whose conditions of

6   confinement are designed to punish," but the Constitution requires only that courts ensure that

7   professional judgment was exercised. *Youngberg*, 457 U.S. at 321-22. A "decision, if made by a

8   professional, is presumptively valid; liability may be imposed only when the decision by the

9   professional is such a substantial departure from accepted professional judgment, practice, or

10  standards as to demonstrate that the person responsible actually did not base the decision on such a

11  judgment." *Id*. at 322–23. The professional judgment standard is an objective standard and it

12  equates "to that required in ordinary tort cases for a finding of conscious indifference amounting

13  to gross negligence." *Ammons v. Washington Dep't of Soc. & Health Servs*., 648 F.3d 1020, 1029

14  (9th Cir.2011).

15       Although Plaintiff states that he has suffered serious injuries, including a cervical spine

16  injury, and has been denied treatment (possibly surgery), he does not provide sufficient factual

17  detail to allow the Court to properly analyze his claim.

18       E.    <u>Access to Courts</u>

19       While Plaintiff has a constitutional right to access the courts, the interferences complained

20  of by Plaintiff must have caused him to sustain an actual injury. *Christopher v. Harbury*, 536 U.S.

21  403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Hebbe v. Pliler*, 627 F.3d 338, 342

22  (9th Cir. 2010); *Phillips v. Hust,* 588 F.3d 652, 655 (9th Cir. 2009); *Jones*, 393 F.3d at 936.

23       The absence of an injury precludes an access claim, and although Plaintiff states that he

24  was denied the right to present evidence during his Sexually Violent Predator trial, his complaint

25  is devoid of any facts suggesting any injury occurred. *Harbury*, 536 U.S. at 415-16; *Jones*, 393

26  F.3d at 936. Therefore, Plaintiff fails to state a claim.

27

28

1

F.       Release

2        Insofar as Plaintiff requests that he be released, he cannot obtain such relief in this action.

3   If Plaintiff intends to challenge the lawfulness of his current custody, the exclusive method to do

4   so in federal court is by filing a petition for writ of habeas corpus.  See *Preiser v. Rodriguez,* 411

5   U.S. 475, 500 (1973).

6   **IV.     CONCLUSION AND ORDER**

7        Plaintiff's complaint fails to state a claim upon which relief may be granted under section

8   1983.  In an abundance of caution, the Court will provide Plaintiff with an opportunity to file an

9   amended complaint.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203

10  F.3d 1122, 1130 (9th Cir. 2000).

11       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

12  each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may

13  not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556

14  U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct.

15  2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

16  right to relief above the speculative level. . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

17       Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa*

18  *County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without

19  reference to the prior or superceded pleading," Local Rule 220.

20       Accordingly, it is HEREBY ORDERED that:

21       1.       Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

22  under section 1983;

23       2.       The Clerk's Office shall send Plaintiff a civil rights complaint form;

24       3.       Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

25  amended complaint; and

26

27

28

1     4.     If Plaintiff fails to file an amended complaint in compliance with this order, this

2 action will be dismissed, with prejudice, for failure to state a claim.

3

4 IT IS SO ORDERED.

5     Dated:   **May 19, 2014**                 /s/ *Dennis L. Beck*

6                                           UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28