# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PAMELA ANLIN, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:14-cv-0005-LJO-DLB<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>TWENTY-ONE DAY DEADLINE |

　　　Plaintiff Gregory Ell Shehee, an inmate at the Fresno County Jail proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 2, 2014.

　　　The Court screened the complaint on May 20, 2014, and dismissed it with leave to amend.

　　　Plaintiff filed a First Amended Complaint on June 11, 2014.

　　　On December 29, 2014, the Court dismissed Plaintiff's First Amended Complaint for failure to state a claim and granted Plaintiff a <u>final</u> opportunity to file an amended complaint. Plaintiff was ordered to file an amended complaint within thirty (30) days.

　　　On January 26, 2015, Plaintiff filed a motion for appointment of counsel, stating that he was "totally, completely and irrevocably blind." ECF No. 13, at 1. The Court denied the order on January 29, 2015, explaining that his disability, alone, does not make Plaintiff's case exceptional under the Ninth Circuit standards.

///

///

On February 26, 2015, the Court updated Plaintiff's address to the Fresno County Jail. This was done as a courtesy to Plaintiff, based on his filing in 1:12-cv-01395-AWI-JLT (HC). Plaintiff did not file his address change in this action.

Based on the updated address, the Court re-served the December 29, 2014, order on Plaintiff at the Fresno County Jail on February 27, 2015.

On March 10, 2015, and March 19, 2015, Plaintiff filed "notices" with the Court in which he states that he is legally blind.  He also alleges that the Fresno County Jail was hindering his access to the law library and making it difficult for him to litigate his numerous actions in this Court, state courts and the Ninth Circuit Court of Appeals.  He also alleges that Coalinga State Hospital has taken all of his legal documents.

To date, Plaintiff has not filed an amended complaint.[1]

**DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  "District courts have the inherent power to control their dockets and in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

---

[1] The Court notes that Plaintiff has numerous other actions in this Court and has continued to file documents in most, if not all, of his pending cases.

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  This action has been pending since January 2, 2014, and there is no operative complaint that states any cognizable claims for relief.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's December 29, 2014, order expressly stated that dismissal would result if Plaintiff failed to file an amended complaint in compliance with the order.  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

### **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed with prejudice based on Plaintiff's failure to obey the Court's order of December 29, 2014.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after date of service of these Findings and Recommendations, Plaintiff may file written

3

objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 22, 2015**                              /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE