# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>        Plaintiff,<br><br>    v.<br><br>PAMELA AHLIN, et al,<br><br>        Defendants. | Case No. 1:14-cv-00005-LJO-BAM (PC)<br><br>ORDER NOTIFYING PARTIES THAT NINETY-DAY PERIOD WITHIN WHICH TO FILE MOTION FOR SUBSTITUTION HAS NOT BEEN TRIGGERED BY FILING OF NOTICE OF SUGGESTION OF DEATH DUE TO SERVICE DEFICIENCY<br><br>(ECF No. 56)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AS TO DEFENDANT TUR<br><br>(ECF Nos. 54, 55) |

## I. Background

Plaintiff Gregory Ell Shehee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint against Defendants Tur and Nguyen for inadequate medical care arising from events occurring prior to Plaintiff's surgery in April 2014, in violation of the Fourteenth Amendment.

On April 19, 2017, the United States Marshal was ordered to serve process on Plaintiff's behalf. (ECF No. 38.) On August 3, 2017, the United States Marshal filed a USM-285 form indicating that a copy of the summons and complaint was left with Melanie Varner, caregiver,

who is documented as a person of suitable age and discretion then residing in Defendant Tur's usual place of abode. (ECF No. 43.)

On September 20, 2017, after Defendant Tur failed to file a response to the third amended complaint, the Court issued an order for Defendant Tur to show cause as to why he failed to file a responsive pleading. (ECF No. 50.) On October 18, 2017, Defendant Nguyen filed a response to the show cause order. (ECF No. 52.) Defendant Nguyen stated that Defendant Tur no longer worked at Department of State Hospitals-Coalinga or for the State of California. In addition, during August and September 2017, defense counsel was unable to contact Defendant Tur by telephone or through personal service. (Id.)

In light of this information, on October 30, 2017, the Court issued an order directing the Clerk of the Court to re-serve the September 20, 2017 show cause order on Defendant Tur at the confidential address used by the U.S. Marshal Service on July 6, 2017. (ECF No. 53.) On November 1, 2017, Plaintiff filed the instant request for entry of default and a declaration in support. (ECF Nos. 54, 55.)

Thereafter, on November 21, 2017, Defendant Nguyen filed a notice of suggestion of death of Defendant Tur, pursuant to Federal Rule of Civil Procedure 25(a)(1). (ECF No. 56.) Defendant Nguyen, through the Department of State Hospitals, states that upon information and belief, Defendant Tur passed away on September 19, 2017. (Id.)

**II.     Notice of Suggestion of Death**

Rule 25(a)(1) provides for the dismissal of Defendant Tur from this action if a motion for substitution is not made within ninety days after service of a statement noting Tur's death. Fed. R. Civ. P. 25(a)(1). Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and the nonparty successors or representatives of the deceased. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for

service of the motion to substitute, Fed. R. Civ. P. 25(a)(3). Thus, a party may be served with the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); Barlow, 39 F.3d at 232–34. Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. Unicorn Tales, Inc., v. Bannerjee, 138 F.3d 467, 469–71 (2d Cir. 1998).

While Defendant Nguyen's notice indicates that service of the notice was made on Dr. Juan Tur, there is no indication that the listed address is the residence of any successor or representative of Defendant Tur. (ECF No. 56.) Therefore, as there is no declaration of service or other proof reflecting that there was proper service of the notice on Defendant Tur's successor or representative as provided by Rule 4, the ninety-day period has not been triggered.

### III. Request for Entry of Default

In his request for entry of default and declaration in support, Plaintiff argues that entry of default is appropriate because the record, (ECF No. 43), shows that Defendant Tur was personally served on July 6, 2017. (ECF No. 55.) Therefore, Defendant Tur's answer is overdue. Further, Defendant Tur has failed to respond to the Court's September 20, 2017 order to show cause why default should not be entered. (Id. at 2.) Plaintiff also argues that Defendant Tur is not an infant or incompetent and was properly served with notice by the United States Marshal. (Id. at 7.)

As discussed, Defendant Tur was served by the U.S. Marshal on July 6, 2017. (ECF No. 43.) Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant Tur's answer or motion under Rule 12 was due within twenty-one (21) days after being served with the summons and complaint. Defendant Tur has not filed an answer or motion under Rule 12 to Plaintiff's complaint, nor has he filed a response to the Court's September 20, 2017 order to show cause. Accordingly, the Court will direct the Clerk to enter default against Defendant Tur because he has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

///

///

**IV.  Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties are NOTIFIED that the ninety-day period for substitution pursuant to Rule 25(a)(1) has not been triggered by Defendant Nguyen's notice of suggestion of death, (ECF No. 56); and

2. The Clerk of the Court is DIRECTED to enter default against Defendant Tur.

IT IS SO ORDERED.

Dated: **December 5, 2017**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE