# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>    Plaintiff,<br><br>    v.<br><br>PAMELA AHLIN, et al,<br><br>    Defendants. | Case No. 1:14-cv-00005-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBSTITUTION, WITHOUT PREJUDICE<br><br>(ECF No. 59) |

Plaintiff Gregory Ell Shehee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint against Defendants Tur and Nguyen for inadequate medical care arising from events occurring prior to Plaintiff's surgery in April 2014, in violation of the Fourteenth Amendment.

On September 20, 2017, after Defendant Tur failed to file a response to the third amended complaint, the Court issued an order for Defendant Tur to show cause as to why he failed to file a responsive pleading. (ECF No. 50.) On October 18, 2017, Defendant Nguyen filed a response to the show cause order. (ECF No. 52.) Defendant Nguyen stated that Defendant Tur no longer worked at Department of State Hospitals-Coalinga or for the State of California. In addition, during August and September 2017, defense counsel was unable to contact Defendant Tur by telephone or through personal service. (Id.)

1

In light of this information, on October 30, 2017, the Court issued an order directing the Clerk of the Court to re-serve the September 20, 2017 show cause order on Defendant Tur at the confidential address used by the U.S. Marshal Service on July 6, 2017. (ECF No. 53.) On November 1, 2017, Plaintiff filed a request for entry of default and a declaration in support. (ECF Nos. 54, 55.) Thereafter, on November 21, 2017, Defendant Nguyen filed a notice of suggestion of death of Defendant Tur, pursuant to Federal Rule of Civil Procedure 25(a)(1). (ECF No. 56.)

On December 5, 2017, the Court issued an order notifying the parties that Defendant Nguyen failed to serve the notice of suggestion of death on the nonparty successors or representatives of the deceased. Therefore, the ninety-day period for the filing of a motion for substitution was not triggered. In the same order, the Court granted Plaintiff's request for entry of default as to Defendant Tur. (ECF No. 57.)

The same day, Plaintiff filed the instant motion for substitution. (ECF No. 59.) It appears that Plaintiff's motion crossed in the mail with the Court's order. Although Defendant Nguyen has not had an opportunity to file a response, the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

As discussed in the Court's November 5, 2017, order regarding Defendant Nguyen's notice of suggestion of death, Rule 25(a)(1) requires two steps to trigger the ninety-day period for filing a motion for substitution: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and the nonparty successors or representatives of the deceased. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).

As Defendant Nguyen did not serve the suggestion of death on any nonparty successor or representative of the deceased, the ninety-day period was not triggered. Thus, Plaintiff's motion for substitution is premature.

The Court also notes that Plaintiff has requested to substitute an unidentified personal representative or successor of Defendant Tur. Thus, even if Plaintiff's motion were properly filed within the applicable ninety-day period, the request would be unacceptable. Plaintiff must use the correct name of the legal representative of Defendant in a motion for substitution, and the Court will not do so on his behalf. See Hightower v. Birdsong, 2017 WL 3782691, at *3, Case No. 15-

2

cv-03966-YGR (PR) (N.D. Cal. Aug. 31, 2017).

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for substitution, (ECF No. 59), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**December 12, 2017**__     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE