# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>            Plaintiff,<br><br>    v.<br><br>PAMELA AHLIN, et al,<br><br>            Defendants. | Case No. 1:14-cv-00005-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE AND SUBSTITUTION<br><br>(ECF No. 61)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND TO COMPEL DISCOVERY<br><br>(ECF Nos. 62, 63, 64, 65) |

## I.     Introduction

Plaintiff Gregory Ell Shehee ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint against Defendants Tur and Nguyen for inadequate medical care arising from events occurring prior to Plaintiff's surgery in April 2014, in violation of the Fourteenth Amendment.

### A.     Procedural Background

On April 19, 2017, the United States Marshal was ordered to serve process on Plaintiff's behalf. (ECF No. 38.) On August 3, 2017, the United States Marshal filed a USM-285 form indicating that a copy of the summons and complaint was left with Melanie Varner, caregiver, who is documented as a person of suitable age and discretion then residing in Defendant Tur's usual place of abode. (ECF No. 43.)

On September 20, 2017, after Defendant Tur failed to file a response to the third amended

1

complaint, the Court issued an order for Defendant Tur to show cause as to why he failed to file a responsive pleading. (ECF No. 50.) On October 18, 2017, Defendant Nguyen filed a response to the show cause order. (ECF No. 52.) Defendant Nguyen stated that Defendant Tur no longer worked at Department of State Hospitals-Coalinga or for the State of California. In addition, during August and September 2017, defense counsel was unable to contact Defendant Tur by telephone or through personal service. (Id.)

In light of this information, on October 30, 2017, the Court issued an order directing the Clerk of the Court to re-serve the September 20, 2017 show cause order on Defendant Tur at the confidential address used by the U.S. Marshal Service on July 6, 2017. (ECF No. 53.) On November 1, 2017, Plaintiff filed the instant request for entry of default and a declaration in support. (ECF Nos. 54, 55.)

On November 21, 2017, Defendant Nguyen filed a notice of suggestion of death of Defendant Tur, pursuant to Federal Rule of Civil Procedure 25(a)(1). (ECF No. 56.) Defendant Nguyen, through the Department of State Hospitals, stated that upon information and belief, Defendant Tur passed away on September 19, 2017. (Id.) The Court issued an order notifying the parties that the notice was deficient, due to Defendant Nguyen's failure to provide proof of service of the notice on Defendant Tur's successor or representative. Therefore, the ninety-day period for Plaintiff to file a motion for substitution had not yet been triggered, and the Court granted Plaintiff's request for entry of default as to Defendant Tur. (ECF No. 57.)

On December 5, 2017, Plaintiff filed a motion for substitution of an unidentified personal representative or successor of Defendant Tur. (ECF No. 59.) The Court denied the motion as premature, given that there was no properly served notice of suggestion of death on the docket, and also for Plaintiff's failure to use the correct name of the legal representative of Defendant Tur. (ECF No. 60.)

**B. Pending Motions**

Thereafter, Plaintiff filed a series of motions relating to service on Defendant Tur's successor as well as discovery issues with Defendant Nguyen. (ECF Nos. 61, 62, 63, 64, 65.) Defendant Nguyen did not file a response or opposition to any of the motions. The motions are

deemed submitted.

On December 18, 2017, Plaintiff filed a request that the United States Marshal Service serve a notice of suggestion of death on Melanie Varner, who Plaintiff alleged was the personal representative or successor of Defendant Tur. Plaintiff also attached copies of various filings from the docket in this action, to be served on Ms. Varner. (ECF No. 61.)

On December 22, 2017, Plaintiff filed a motion for an order holding counsel for Defendant Nguyen in contempt for misuse of the discovery process. Plaintiff also apparently seeks sanctions against defense counsel in a different case currently pending. Plaintiff appears to allege that defense counsel did not provide appropriate responses to Plaintiff's first demand for production of documents. (ECF No. 62.)

On January 4, 2018, Plaintiff filed three motions. (ECF Nos. 63, 64, 65.) All three motions allege that counsel for Defendant Nguyen and defense counsel in Case No. 1:14-cv-00706-DAD-SAB (PC) sent combined discovery responses, and the more than 9,000 pages of documents were mixed up to interfere with Plaintiff's discovery. Plaintiff further contends that Defendant Nguyen's responses to his document requests consisted only of boilerplate objections. Plaintiff therefore requests sanctions against defendants in both actions. (Id.)

Most recently, on September 25, 2018, Defendant Nguyen filed a renewed notice of suggestion of death of Defendant Tur, including a copy of a certificate of death for Defendant Tur. The notice was served on Plaintiff and L. Tur, who is alleged to be the representative of the estate of Defendant Tur.[1] (ECF No. 74.)

**II.     Discussion**

    **A.     Notice of Suggestion of Death and Substitution of Successor**

As discussed in the Court's prior orders, Rule 25(a)(1) provides for the dismissal of Defendant Tur from this action if a motion for substitution is not made within ninety days after service of a statement noting Tur's death. Fed. R. Civ. P. 25(a)(1). Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the

---

[1] The Court notes that a motion to set aside the entry of default against Defendant Tur was filed on September 27, 2018. (ECF No. 75.) As Plaintiff has not yet had an opportunity to respond to the motion, the Court will not address the motion in this order. Defendant Tur has also filed an answer. (ECF No. 76.)

death of the party on the record, and 2) serve the suggestion of death on the other parties and the nonparty successors or representatives of the deceased. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute, Fed. R. Civ. P. 25(a)(3). Thus, a party may be served with the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); Barlow, 39 F.3d at 232–34. Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. Unicorn Tales, Inc., v. Bannerjee, 138 F.3d 467, 469–71 (2d Cir. 1998).

By his motion for service, (ECF No. 61), Plaintiff appears to be attempting to serve a notice of suggestion of death of Defendant Tur combined with a motion for substitution of Melanie Varner as Defendant Tur's representative or successor in interest. However, Plaintiff has provided no evidence or indication that Ms. Varner is, in fact, the representative or successor in interest of Defendant Tur. As noted above, Ms. Varner apparently accepted service of process on Defendant Tur's behalf, but she is listed only as a "caregiver." The Court is not persuaded that Ms. Varner is the correct successor or representative of Defendant Tur, and therefore denies Plaintiff's motion for service and substitution.

Furthermore, Defendant Nguyen's recently-filed notice of suggestion of death indicates that Lisa Tur is the representative of the estate of Defendant Tur. This is supported by the certified copy of the certificate of death attached to the notice. (ECF No. 74, p. 3.) Finally, service has properly been made on L. Tur. (ECF No. 74-1, p. 1.) Thus, the ninety-day period has only recently been triggered, and a motion for substitution of the proper party may be made by any party or by Defendant Tur's successor or representative, before the expiration of that deadline. Fed. R. Civ. P. 25(a)(1).

As noted above, L. Tur has also filed a motion to set aside entry of default and an answer,

1  (ECF Nos. 75, 76), indicating to the Court an intent to proceed in this action as the representative

2  of Defendant Tur's estate.  As such, the Court requests that she file a **<u>brief</u>** motion for

3  substitution, in compliance with Rule 25(a)(1).

### B.      Motions for Sanctions and to Compel Discovery

All of Plaintiff's remaining motions generally allege that defense counsel has engaged in improper discovery tactics such that sanctions are warranted.  (ECF Nos. 62, 63, 64, 65.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and information within this scope "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).  Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable").  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  <u>Gorrell v. Sneath</u>, 292 F.R.D. 629, 632 (E.D. Cal. 2013).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things.  Fed. R. Civ. P. 34(a)(1).

Plaintiff generally argues that Defendant Nguyen did not adequately respond to his requests for production of documents.  Although his motions are difficult to understand, it appears that Plaintiff believes that the documents he received were intentionally mixed together by defense counsel to hinder Plaintiff's litigation of this action.  Plaintiff further contends that

Defendant Nguyen's responses consisted only of boilerplate objections. (ECF Nos. 62, 63, 64, 65.)

Upon review of Plaintiff's requests and Defendant Nguyen's responses, the Court finds that Defendant Nguyen's objections have merit, and that Plaintiff has failed to meet his burden in demonstrating otherwise.

Plaintiff's requests are, as Defendant objects, "incomprehensible, vague, and ambiguous." (ECF No. 65, pp. 21–25.) While Plaintiff argues that Defendant failed to produce items "on point," and instead directed him to review his entire medical record, Plaintiff's requests are themselves not "on point." (Id. at 10.) For example, Plaintiff's first production request seeks "from Defendant' Dr. Tur and Dr. Nguny, all the medical record's from around about April 2012, throughout 2015, a scaphoid fracture of x-ray's photo's, readed out of the right hand of patient-806-0, Gregory Ell Shehee, under color of state law." (Id. at 21 (unedited text).) This request is nearly unintelligible, and provides no true guidance as to the particular documents Plaintiff seeks. At best, Plaintiff has provided a date range of approximately three years during which he may have had an x-ray performed of his right hand. Plaintiff's remaining production requests are similarly vague. (See, e.g., id. at 22 (Request No. Two for "all written note's medical report's – medication report's treatment report' of a scaphoid fracture of the right from April 2012, throughout 2015, on patient 806 Gregory Ell Shehee"; Request No. Three for "all right hand a scaphoid fracture from 2013 throughout 2014. Dr. Smith surgeon records of ex-patient C00-806-0 Gregory Ell Shehee all x-ray's all handnotes. All report's dealing with conditions and treatment while in the department of state hospital…".)

Defendant Nguyen's provision of Plaintiff's entire medical record is not an unreasonable response to the broad and vaguely-worded requests from Plaintiff. In fact, Plaintiff's Request No. Three did, in fact, appear to request his complete medical records from the time he was confined in the department of state hospitals. Plaintiff's motions and Defendant Nguyen's responses confirm that Plaintiff received more than 9,000 pages of his medical records. While Plaintiff argues that the documents were mixed up, given the nature of his requests, the Court declines to find that Defendant or defense counsel should be sanctioned for failing to sift through several

years' worth of Plaintiff's medical records to find documents potentially relevant to Plaintiff's claims.

With respect to Plaintiff's motion for sanctions, as an initial matter, the Court notes that to the extent Plaintiff seeks sanctions against an attorney who has not appeared in this action, such sanctions are not appropriate. While Plaintiff may be litigating in several different cases simultaneously, the Court will not impose sanctions or otherwise order counsel to take any action in a case not currently before the undersigned.

As to Plaintiff's request for sanctions against counsel for Defendant Nguyen, based on the above discussion, the Court does not find that sanctions are warranted or that counsel has failed to comply with any of the Court's orders.

### III. Conclusion and Order

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for service, (ECF No. 31), is DENIED;
2. Plaintiff's motions for sanctions and to compel discovery, (ECF Nos. 62, 63, 64, 66), are DENIED; and
3. Defendant Tur, or the representative of Defendant Tur's estate, shall file and serve a **brief** motion for substitution, in compliance with Federal Rule of Civil Procedure 25(a)(1). It is not necessary to set the motion for a hearing.

IT IS SO ORDERED.

Dated: **September 28, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE