# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>    Plaintiff,<br><br>    v.<br><br>PAMELA AHLIN, et al,<br><br>    Defendants. | Case No. 1:14-cv-00005-LJO-BAM (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUBSTITUTION<br>(ECF No. 83)<br><br>ORDER GRANTING DEFENDANT TUR ESTATE'S MOTION TO SET ASIDE ENTRY OF DEFAULT<br>(ECF No. 75)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT<br>(ECF No. 84)<br><br>ORDER DIRECTING DEFENDANTS TO SERVE COURTESY COPIES ON PLAINTIFF WITHIN **SEVEN (7) DAYS**<br>(ECF Nos. 74, 76, 79, 81) |

Plaintiff Gregory Ell Shehee ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint against Defendants J. Tur and Nguyen for inadequate medical care arising from events occurring prior to Plaintiff's surgery in April 2014, in violation of the Fourteenth Amendment.

///

///

1

**I.      Background**

On September 20, 2017, after Defendant Tur failed to file a response to the third amended complaint, the Court issued an order for Defendant Tur to show cause as to why he failed to file a responsive pleading.  (ECF No. 50.)  On October 18, 2017, Defendant Nguyen filed a response to the show cause order.  (ECF No. 52.)  Defendant Nguyen stated that Defendant Tur no longer worked at Department of State Hospitals-Coalinga or for the State of California.  In addition, during August and September 2017, defense counsel was unable to contact Defendant Tur by telephone or through personal service.  (Id.)

In light of this information, on October 30, 2017, the Court issued an order directing the Clerk of the Court to re-serve the September 20, 2017 show cause order on Defendant Tur at the confidential address used by the U.S. Marshal Service on July 6, 2017.  (ECF No. 53.)  On November 1, 2017, Plaintiff filed a request for entry of default and a declaration in support.  (ECF Nos. 54, 55.)  Thereafter, on November 21, 2017, Defendant Nguyen filed a notice of suggestion of death of Defendant Tur, pursuant to Federal Rule of Civil Procedure 25(a)(1).  (ECF No. 56.)

On December 5, 2017, the Court issued an order notifying the parties that Defendant Nguyen failed to serve the notice of suggestion of death on the nonparty successors or representatives of the deceased.  Therefore, the ninety-day period for the filing of a motion for substitution was not triggered.  In the same order, the Court granted Plaintiff's request for entry of default as to Defendant Tur.  (ECF No. 57.)

The same day, Plaintiff filed a motion for substitution.  (ECF No. 59.)  As a proper notice of suggestion of death had not yet been filed, and due to Plaintiff's failure to use the correct name of the legal representative of Defendant Tur, the motion was denied, without prejudice, as premature.  (ECF No. 60.)

Thereafter, Plaintiff filed a series of motions relating to service on Defendant Tur's successor as well as discovery issues with Defendant Nguyen.  (ECF Nos. 61, 62, 63, 64, 65.)  On September 25, 2018, Defendant Nguyen filed a renewed notice of suggestion of death of Defendant Tur, including a copy of a certificate of death for Defendant Tur.  The notice was served on Plaintiff and L. Tur, who represents the estate of Defendant Tur.  (ECF No. 74.)

Defendant Tur also filed a motion to set aside entry of default and an answer. (ECF Nos. 75, 76.) Defendants Nguyen and Tur also filed a motion for summary judgment, which remains pending before the Court. (ECF Nos. 79, 81.) On September 28, 2018, the Court denied Plaintiff's motions and also ordered Defendant Tur, or the representative of Defendant Tur's estate, to file and serve a brief motion for substitution in compliance with Federal Rule of Civil Procedure 25(a)(1). (ECF No. 78.)

While Plaintiff's motions were pending, several of the Court's orders addressed to Plaintiff were returned as undeliverable, beginning September 7, 2018. Pursuant to Local Rule 183(b), Plaintiff was permitted sixty-three days to provide the Court with an updated mailing address, which he timely filed on November 8, 2018. (ECF No. 82.) It is unclear whether Plaintiff received any filings mailed to him by Defendants during that time.

On November 16, 2018, Plaintiff filed a renewed motion for service of summons on Defendant Tur, (ECF No. 83), as well as a request for entry of default as to all defendants, (ECF No. 84). Defendants Nguyen and Tur have not filed responses to either motion. In addition, Defendant Tur, and the representative of Defendant Tur's estate, have failed to file a motion for substitution, as directed in the Court's September 28, 2018 order. (ECF No. 78.) All applicable deadlines have expired.

**II.     Discussion**

    **A.     Substitution of Defendant J. Tur**

On September 27, 2018, following the filing of the notice of suggestion of death of Defendant Tur, a motion to set aside the Court's entry of default against Defendant Tur, (ECF No. 75), as well as an answer on behalf of Defendant Tur, (ECF No. 76), were filed. However, as no party had yet been ordered substituted for Defendant Tur, and no motion for substitution had yet been made, on September 28, 2018, the Court directed Defendant Tur, or the representative of Defendant Tur's estate, to file and serve a brief motion for substitution in compliance with Federal Rule of Civil Procedure 25(a)(1). (ECF No. 78.) No motion for substitution was filed by any defendant.

///

However, Rule 25 states that "[a] motion for substitution may be made by **any party** or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1) (emphasis added). The Court construes Plaintiff's November 16, 2018 motion for service on Defendant Tur, (ECF No. 83), as a motion for substitution.

Although Plaintiff once again names the incorrect legal representative or successor in interest of Defendant Tur, the Court finds that combined with the notice of suggestion of death, there is sufficient information for the Court to grant the motion in part, substituting L. Tur as the representative of the estate of J. Tur for Defendant Tur. The Court further finds that service of Plaintiff's motion for substitution was properly served on the representative of Defendant Tur's estate, as the contact information provided is that of defense counsel appearing in this matter, who receives service through the Court's CM/ECF system. As such, the motion for substitution will be granted in part, and this action shall proceed against the Estate of J. Tur ("Tur Estate"). To the extent Plaintiff requests service of the complaint and summons on Melanie Varner, the motion is denied.

### B. Entry of Default

Once default has been entered against a defendant, the Court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than default judgment." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991). Therefore, "[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." Mendoza, 783 F.2d at 945-46 (quoting Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)). In determining whether to set aside default, relevant factors including the culpability of defendant, the existence of a meritorious defense, and any prejudice to plaintiff should be considered.

American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000); O'Connor, 27 F.3d at 364.

The Tur Estate argues that Plaintiff will not be prejudiced by setting aside Defendant Tur's default, as the allegations against Defendant Tur are substantially similar and relate to treatment Plaintiff received for the same injury during the same time period as the allegations against Defendant Nguyen. Further, the Tur Estate has a meritorious defense to the allegations in the third amended complaint, as set forth in the pending motion for summary judgment or partial summary judgment. Finally, Defendant Tur's failure to respond to the summons and complaint was not culpable nor willful, due to his declining health and eventual death during the time of service and prior to the entry of default. (ECF No. 75-1.)

Although it does not appear that Plaintiff ever received service of the motion to set aside entry of default, and therefore has not had an opportunity to respond to the motion, the Court finds a response is unnecessary. Given the filing of an answer, motion to set aside entry of default, and motion for summary judgment all shortly after the filing of the notice of suggestion of death, the estate demonstrated an intent to defend the suit on its merits as soon as the proper successor in interest was identified. While there is much evidence in the record regarding Defendant Tur's illness and subsequent death during the time in question, there is no evidence in the record from which the Court may conclude that Defendant Tur willfully and intentionally failed to comply with the applicable rules.

The Tur Estate further argues that it has a meritorious defense, including that Plaintiff was provided with appropriate medical care which met the standard of care in the community, and there was no negligence or lack of medical care offered to Plaintiff regarding the care of his right hand. The Court does not have sufficient information to determine whether the medical care provided was appropriate and meeting with the standard of care, and it appears Plaintiff has not had an opportunity to oppose these arguments. Under these circumstances, the Court cannot find that the Tur Estate lacks a meritorious defense.

As final matter, resolution of an action on its merits is favored. Resolution by default is not. Given that all discovery requests thus far have apparently consisted solely of requests for

production of documents, which were answered by Defendant Nguyen, the Court can discern no prejudice to Plaintiff. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001) (neither simple delay in resolution of a case nor merely requiring the plaintiff to litigate on the merits rather than allowing windfall by default constitutes prejudice).

Accordingly, the Tur Estate's motion to set aside entry of default as against Defendant Tur is granted. Plaintiff's request for entry of default as to all defendants, based primarily on the alleged failure of any representative of Defendant Tur's estate to appear, is denied.

### C. Service of Documents

Finally, as it appears to the Court that Plaintiff has not yet received many of Defendants' motions and other filings submitted since approximately September 2018, the Court will grant an extension of time for Plaintiff to respond to the pending motion for summary judgment. Defendants are directed to re-serve courtesy copies of their recent filings, as specified below, on Plaintiff at his updated mailing address. The deadline for Plaintiff to submit his opposition or other response to the motion for summary judgment is extended to twenty-one (21) days after re-service of the motion.

## IV. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for substitution, (ECF No. 83), is GRANTED IN PART;
2. The Estate of J. Tur shall be substituted for Defendant Tur in this action;
3. The Estate of J. Tur's motion to set aside entry of default, (ECF No. 75), is GRANTED;
4. Plaintiff's request for entry of default judgment as to all defendants, (ECF No. 84), is DENIED;
5. Defendants are directed to re-serve courtesy copies of the following filings on Plaintiff, and to file proof of the re-service within **seven (7) days** of the date of service of this order:
    a. Notice of Suggestion of Death of Defendant Tur, (ECF No. 74);
    b. Answer with Jury Demand, (ECF No. 76);
    c. Motion for Summary Judgment, (ECF No. 79);
    d. Amended Motion for Summary Judgment, (ECF No. 81); and

6. Plaintiff's opposition to the motion for summary judgment shall be due within **twenty-one (21) days** from the date of re-service of the motion for summary judgment.

IT IS SO ORDERED.

Dated: __**January 9, 2019**__   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE